IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN DAVIS, III,                    *
                                        *
           Plaintiff,                   *
                                        *
    vs.                                 *        Civil Action No. ADC-22-342
                                        *
FREEDOM MORTGAGE                        *
CORPORATION et al.,                     *
                                        *
           Defendants.                  *
                                        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendants BWW Law Group, LLC ("BWW") and Freedom Mortgage Corporation ("Freedom") have moved this Court in respective motions (ECF No. 30, 32) to dismiss Plaintiff Benjamin Davis, III's ("Plaintiff") Complaint.[1] Plaintiff responded in opposition to Defendants' Motions (ECF Nos. 34, 35) and filed amended responses (ECF Nos. 37, 38). BWW and Freedom then replied. ECF Nos. 39, 40. After considering Defendants' Motions and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, BWW's Motion (ECF No. 30) and Freedom's Motion (ECF No. 32) are GRANTED. As a result, Plaintiff's Motion for Summary Judgment (ECF No. 22) is DENIED AS MOOT.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a foreclosure action (the "Foreclosure Action") brought in the Circuit Court for Baltimore County, case number: C-03-CV-19-001705, for a property owned by Plaintiff and Erica Drummond located at 3671 Forest Hill Road, Baltimore, Maryland 21207 (the "Property"). ECF No. 30-3 at 2. BWW, the law firm that represented the Substitute Trustees,

---

[1] This case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07 and 28 U.S.C. § 636(c). ECF Nos. 8, 20.

initiated the Foreclosure Action to secure the Property in the state court on May 30, 2019.[2] *Id.* at

14. *See* ECF 30-1 at 2. At the initiation of the Foreclosure Action, Plaintiff's loan servicer was

RoundPoint Mortgage Servicing Corporation. ECF No. 32-2 at 4. Freedom then took over as

Plaintiff's loan servicer. *Id.* at 14 n.11. The Property was subsequently sold at a foreclosure sale,

and the Substitute Trustees filed a report of sale on December 27, 2019. ECF No. 30-3 at 16. On

January 31, 2020, BWW then requested ratification of the foreclosure sale by the state court. *Id.*

at 17. After that request, state and federal moratoriums on foreclosure proceedings as a result of

the COVID-19 pandemic went into place.[3] The state and federal moratoriums expired on June 30,

2021 and July 30, 2021, respectively.[4] On August 3, 2021, BWW filed a Declaration of Exemption

from Moratorium, and the state court entered an order ratifying the December 2019 foreclosure

sale. *Id.* at 17–18. At this point, neither Plaintiff (nor Ms. Drummond) had filed any motion to stay

or dismiss the Foreclosure Action or filed any response to the Order of Ratification.

After the final order ratifying the sale, the Substitute Trustees filed a motion for judgment

awarding possession of the Property on January 28, 2022. *Id.* at 19. In response, on February 1,

2022, Plaintiff filed a motion to stay or dismiss the foreclosure sale. *Id.* He argued that Freedom

---

[2] This Court takes proper judicial notice of "docket entries, pleadings and papers in other cases" in reciting the background of this case. *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D.Md. Aug. 20, 2015), *aff'd*, 639 F.App'x 200 (4th Cir. 2016).
[3] U.S. Dep't of Hous. and Urb. Dev., Mortgagee Letter 2020-04 (2020), https://www.hud.gov/sites/dfiles/OCHCO/documents/20-04hsgml.pdf; Md. Dep't of Lab., Maryland's Commissioner of Financial Regulation Extends Foreclosure Moratorium Through June 30 (Apr. 28, 2021), https://www.dllr.state.md.us/whatsnews/frforemoratoriumap.shtml#:~:te xt=The%20moratorium%2C%20originally%20established%20by,expiration%20of%20federal% 20foreclosure%20moratorium.
[4] U.S. Dep't Hous. Urb. Dev., Mortgagee Letter 2021-19 (2021), https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-19hsgml.pdf; Md. Dep't of Lab., Maryland's Commissioner of Financial Regulation Extends Foreclosure Moratorium Through June 30 (Apr. 28, 2021), https://www.dllr.state.md.us/whatsnews/frforemoratoriumap.shtml#:~:te xt=The%20moratorium%2C%20originally%20established%20by,expiration%20of%20federal% 20foreclosure%20moratorium.

engaged in "Servicer Fraud" through dual-tracking, in violation of "Federal Servicer Laws," and
that servicers are prohibited from foreclosing on property while in loss mitigation pursuant to
RESPA. *Id.* at 34–35. He also argued that BWW and Freedom acted with deception, misstated
facts, and committed fraud related to their dual tracking. *Id.* at 35. He then filed a second amended
motion to stay/dismiss the foreclosure sale, arguing similarly that the present Defendants violated
the state moratorium on evictions and that their actions "indicat[ed] deception/fraud in violation
of Dual-Tracking Laws [and] Rob[]o-Sig[]ning." ECF No. 32-9. The state court subsequently
denied Plaintiff's motions on February 28, 2022 and ruled that the Motion for Possession may
continue in the normal course. ECF No. 30-3 at 38.

On February 8, 2022, Plaintiff, *pro se*, filed a Complaint in this Court against Freedom and
BWW, invoking federal question jurisdiction and alleging dual-tracking in violation of RESPA,
citing to loss mitigation related to the COVID-19 foreclosure moratoriums, and robo-signing. ECF
No. 1 at 4. Plaintiff's Complaint also alleges that Defendants sent Plaintiff fraudulent documents,
engaged in fraudulent conversations, made misstatements of facts in regard to the amount Plaintiff
owed, and withheld documents and servicing notices in breach of contract. *Id.* at 6. Plaintiff filed
the Motion for Summary Judgment (ECF No. 22), and this Court granted Defendants' joint motion
to extend the deadline to file their opposition until twenty-one days after all parties have answered
the Complaint, if not dismissed beforehand. ECF No. 27. Defendants then filed their respective
Motions to Dismiss. ECF Nos. 30, 32.

## DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule
of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or

3

authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed.R.Civ.P. 12(h)(3). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Defendant may pose two types of challenges to subject matter jurisdiction: a facial challenge, asserting that the Complaint "fails to allege facts upon which subject matter jurisdiction can be based," or a factual challenge, asserting that the jurisdictional allegations of the Complaint are not true. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When reviewing a facial challenge to jurisdiction, the Court accepts the Complaint's allegations as true and denies the motion "if the [C]omplaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* In contrast, when addressing a factual challenge, the Court is permitted to "'go beyond the allegations of the [C]omplaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (emphasis omitted).

At issue here, "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S.Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Therefore, "even a *pro se* complaint must be dismissed

4

if it does not allege a plausible claim for relief." *Wilson v. Wexford Health Sources, Inc.*, No. CV GLR-18-2175, 2020 WL 510332, at \*4 (D.Md. Jan. 31, 2020) (citations omitted).

## B. Defendants' Motions to Dismiss

Defendants both argue that Plaintiff's claims must be dismissed. BWW asserts that Plaintiff's Complaint should be dismissed because his claims "are precluded and/or barred by" the collateral attack doctrine, the Anti-Injunction Act, the *Rooker-Feldman* doctrine, and the doctrine of *res judicata*. ECF No. 30-1 at 5–10. It argues, in the alternative, that Plaintiff has failed to state a claim because his Complaint relies on conclusory allegations, and that he has not pled a viable claim against BWW as a matter of law. *Id.* at 10–15. Freedom similarly asserts that Plaintiff's Complaint should be dismissed because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, Plaintiff's claims are barred by *res judicata*, and Plaintiff has failed to plead a violation of RESPA or his state law claims. ECF No. 32-2 at 9–21.

Plaintiff has filed multiple responses to both Motions. In response to BWW, Plaintiff appears to argue that his claims are not barred by the collateral attack doctrine, the *Rooker-Feldman* doctrine, or by any other doctrine because BWW failed to comply with federal and state foreclosure moratoriums and so the state court lacked jurisdiction over the Foreclosure Action and its judgment is moot. *See* ECF No. 34 at 1–7. He also asserts that BWW had no legal authority to pursue the Foreclose Action because it did not possess the mortgage note. *Id.* at 3. In response to Freedom, Plaintiff appears to argue that his claims are not barred by *res judicata*, "any preclusive doctrine," or the Anti-Injunction Act because there is no lower court ruling rejecting his current claims, the state court did not have jurisdiction, and Freedom was not a party to the state court action. ECF No. 35 at 2–6. He also reasserts that he has stated a claim upon which relief can be

granted.[5] *Id.* at 7. For the reasons that follow, I find Defendants' argument with respect to the *Rooker-Feldman* doctrine compelling and conclude that dismissal of Plaintiff's Complaint is warranted on that basis. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) ("Because the *Rooker–Feldman* doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis."). In so doing, I make no findings with respect to the other arguments asserted.

### 1. *Rooker-Feldman* Doctrine

Federal district courts may only exercise "original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under 28 U.S.C. § 1257, the Supreme Court is vested with "exclusive" jurisdiction over appeals of final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). Thus, "jurisdiction to review [state court] decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine acts as a jurisdictional bar that precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance*, 546 U.S. at 463. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the

---

[5] Plaintiff's Amended Responses in Opposition (ECF Nos. 37, 38) reassert similar arguments to his original responses and assert a violation of the Federal Debt Collection Practices Act ("FDCPA"). To the extent Plaintiff attempts to raise a new claim, he has neither sought to amend the Complaint nor alleged facts to permit the Court to assess the sufficiency of his claim. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F.Supp.3d 536, 573 (D.Md. 2019) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citations omitted).

state judgment itself violates the loser's federal rights."); *Vicks v. Ocwen Loan Servicing, LLC*, 676 F.App'x 167, 168 (4th Cir. 2017) (explaining the same). Notably, "[t]he *Rooker–Feldman* doctrine . . . is not dependent upon identity of parties like *res judicata* and collateral estoppel may be."[6] *In re Burgess*, 575 B.R. 330, 341 (Bankr.E.D.N.C. 2017). "Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Rodman v. Jean-Charles*, No. CV DKC 18-3757, 2020 WL 1248946, at *4 (D.Md. Mar. 16, 2020) (quoting *Nott v. Bunson*, No. WMN-09-2613, 2009 WL 3271285, at *2 (D.Md. Oct. 9, 2009)).

"The *Rooker-Feldman* doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486). To be "inextricably intertwined," a claim need not have been "actually decided by the state court"; it includes actions "where success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* (citing *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198–99 (4th Cir. 2000)). *See Plyler*, 129 F.3d at 731 (explaining that the doctrine bars consideration of federal claims "'inextricably intertwined with' questions ruled upon by a state court," where "success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it.'"). "The controlling question in the *Rooker–Feldman* analysis is whether a party seeks the federal district court to review a state court decision and pass upon the merits of that state court decision." *Smalley v. Shapiro & Burson, LLP*, 526 F.App'x 231, 235–36 (4th Cir. 2013) (citations omitted).

---

[6] Even still, Freedom as the servicer of Plaintiff's loan was in privity with the Substitute Trustees. *See Jones v. HSBC Bank USA, N.A.*, 444 F.App'x 640, 644 (4th Cir. 2011); *Proctor v. Wells Fargo Bank, N.A.*, 289 F.Supp.3d 676, 683 (D.Md. 2018).

This Court's recent decision in *Rodman v. Jean-Charles* provides guidance. *See* 2020 WL 1248946. In *Rodman*, the Court explained that claims that relied "on the premise that the underlying foreclosure sale and award of possession were improper," including allegedly submitting false documents and making false claims to the state court, "would require this [C]ourt to 'determine that the [state] court judgment was erroneously entered or [to] take action that would render the [state court] judgment ineffectual.'" 2020 WL 1248946, at *4 (quoting *Smalley*, 526 F.App'x at 236). It reasoned: "This is exactly the kind of determination that this [C]ourt is barred from making under the *Rooker-Feldman* doctrine." *Id.*

Here, like in *Rodman*, Plaintiff asserts claims that are "inextricably intertwined" with the state court judgment and that "would require this [C]ourt to 'determine that the [state] court judgment was erroneously entered." *See id.* First, Plaintiff asks this Court to "stay" or "dismiss" the foreclosure sale the state court previously ordered. ECF No. 1 at 7. This request on its face would require the Court "review and reject[]" and "render ineffectual" the state court's judgment to ratify the foreclosure sale. *See Washington*, 407 F.3d at 279; *Rodman*, 2020 WL 1248946, at *4. The same is true for Plaintiff's remaining arguments alleging dual-tracking in violation of RESPA, robo-signing, and fraud and misstatements. ECF No. 1 at 6. Plaintiff brought these same arguments before the state court in his motions to stay or dismiss the foreclosure sale, and the state court denied Plaintiff's motions. *See* ECF No. 30-3 at 33–38; ECF No. 32-9. While Plaintiff did not petition the state court for compensatory damages as he does here, *see* ECF No. 35, he still asserts the same arguments and allegations that he presented to the state court to stay or dismiss the foreclosure sale. His request to this Court thus amounts to a request to review the state court's decision and "pass upon the merits of that . . . decision." *Smalley*, 526 F.App'x at 236.

8

Plaintiff's own responses further make clear his intention is for this Court to review the state court's decision; he repeatedly refers to the state court as the "lower court" and requests "[f]ederal review" of its ruling. ECF No. 34 at 8. Any action by this Court to resolve Plaintiff's claims would require it conclude the state court's judgment was erroneously entered, render its judgment ineffectual, and would amount "in substance" to "appellate review of the state judgment." *See Johnson*, 512 U.S. at 1005–06. Moreover, doing so would be contrary to decisions from the United States Court of Appeals for the Fourth Circuit and this Court. *See Smalley*, 526 F.App'x at 236 (explaining that even though "Appellants do not seek to 'undo' the state court judgment foreclosing on their homes, permitting their case to go forward would, in essence, hold that the state court judgments . . . [were] in error" and thus "their federal causes of action [were] 'inextricably intertwined' with the state court foreclosure actions"); *Rodman*, 2020 WL 1248946, at *4 ("Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings."). Accordingly, the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over Plaintiff's claims because they are inextricably intertwined with the state court action and judgment.

## CONCLUSION

Because this Court lacks jurisdiction over the claims asserted, Defendants' Motions to Dismiss (ECF Nos. 30, 32) are GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 22) is DENIED AS MOOT. A separate Order will follow.

Date: 20 July 2022

A. David Copperthite
United States Magistrate Judge